**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2197-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WAYNE C. MONK, a/k/a
MARRANO MONK,

     Defendant-Appellant.

_____

Submitted November 28, 2018 - Decided July 9, 2019

Before Judges Fuentes and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 14-06-0868.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Carol M. Henderson, Assistant Attorney General, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant pled guilty pursuant to a negotiated agreement with the State to second degree distribution of oxycodone. In exchange, the State agreed to dismiss the remaining counts in the indictment and recommend that defendant be sentenced to a term of six years, subject to a discretionary three-year period of parole ineligibility. The court sentenced defendant accordingly.

Defendant appealed this sentence pursuant to the summary process codified in Rule 2:9-11. After considering defendant's arguments, we remanded the matter for the court to resentence defendant without consideration of aggravating factor eleven, N.J.S.A. 2C:44-1(a)(11). See State v. Dalziel, 182 N.J. 494, 502 (2005). We also directed the sentencing judge to perform the analysis required under N.J.S.A. 2C:43-6(b) to determine whether the imposition of a discretionary three-year period of parole ineligibility is warranted. State v. Wayne Monk, No. A-2140-16 (App. Div. May 3, 2017).

On remand, a different judge followed our instructions and ultimately resentenced defendant to the same six-year term of imprisonment, subject to a discretionary three-year period of parole ineligibility.

A-2197-17T4

Defendant again appealed under the process in <u>Rule</u> 2:9-11, but at his request, the appeal was transferred to the plenary calendar. In this appeal, defendant raises the following arguments:

> POINT I
>
> THE IMPOSITION OF A DISCRETIONARY PERIOD OF PAROLE INELIGIBILITY IS UNCONSTITUTIONAL PURSUANT TO <u>ALLEYNE</u> AND MUST BE STRICKEN BY THIS COURT. THE NEW JERSEY SUPREME COURT RECENTLY GRANTED CERTIFICATION TO DECIDE WHETHER THE TYPE OF PAROLE DISQUALIFIER IMPOSED IN THIS CASE IS UNCONSTITUTONAL PURSUANT TO <u>ALLEYNE</u>. (Not raised below)
>
> A. <u>Alleyne's</u> Edict That Any Fact That Increases The Mandatory Minimum Is An "Element" That Must Be Submitted To The Jury Apples [sic] To Periods Of Parole Ineligibility.
>
> B. Mr. Monk's Sentence.
>
> POINT II
>
> THE SENTENCING COURT ERRED IN VACATING JUDGE STEELE'S FINDINGS THAT MITIGATING FACTORS TWO AND THREE WERE APPLICABLE.

Defendant also raises the following arguments in his pro se supplemental brief.

3

POINT I

TRIAL COUNSEL DEPRIVED MONK OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN THEY BOTH FAILED TO ARGUE MITIGATING FACTORS SUPPORTED BY THE RECORD. (Not raised below)


POINT II

TRIAL COUNSEL DEPRIVED MONK OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO MAKE APPLICATION [sic] FOR DRUG COURT.

Defendant argues that the sentence imposed by the trial court under N.J.S.A. 2C:43-6(b) violated his Sixth Amendment rights as construed by the United States Supreme Court in Alleyne v. United States, 570 U.S. 99 (2013) and Apprendi v. New Jersey, 530 U.S. 466 (2000). Our Supreme Court recently addressed and settled this issue in State v. Kiriakakis, 235 N.J. 420 (2018). Writing for the Court, Justice Albin explained:

> Alleyne permits judges, in the exercise of their discretion, to take into consideration various factors relating both to the offense and offender "in imposing a judgment within the range prescribed by statute." 570 U.S. at 116 (emphasis omitted) (quoting Apprendi, 530 U.S. at 481). The aggravating factors found by the court here were not the functional equivalent of the elements of an offense. This case does not involve a judicial finding of an aggravating factor that required the imposition of a mandatory-minimum sentence, a

4

scenario that would violate the right to a jury trial. See State v. Grate, 220 N.J. 317, 334-35 (2015).

[Id. at 425.]

However, we agree with defendant that the resentencing judge erred when she refused to find mitigating factors N.J.S.A. 2C:44-1(b)(2) and (3), which the original sentencing judge found applied in this case. Our order entered pursuant to Rule 2:9-11 limited the scope of the court's authority on remand to determining the appropriate sentence without consideration to aggravator factor N.J.S.A. 2C:44-1(a)(11). In this context, the resentencing judge did not have the authority to reassess the applicability of the mitigating factors found by the previous judge. State v. Randolph, 210 N.J. 330, 351-54 (2012). We thus again remand this matter for the sentencing judge to resentence defendant after considering mitigating factors N.J.S.A. 2C:44-1(b)(2) and (3).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2197-17T4